COHEN, J.
Kionn Alls seeks certiorari review of an order requiring him to submit to a paternity test. We grant the petition.
This case has an unusual procedural posture, in large part because Alls ignored a previous court order requiring him to submit to a paternity test. As a result, there is a judgment finding Alls to be the legal father of M.C., even though the child’s mother was married to another man at the time of the child’s conception and birth, and her husband is listed as the child’s father on the birth certificate. The trial court entered the paternity judgment without considering the child’s best interests, appointing a guardian ad litem, or conducting a hearing, as required by Department of Health & Rehabilitative Ser *593 vices v. Privette, 617 So.2d 305 (Fla.1993). Alls appealed from that judgment, but later voluntarily dismissed his appeal and filed a motion to set aside the judgment pursuant to Florida Rule of Civil Procedure 1.540. In that motion, he argued that the trial court’s lack of subject matter jurisdiction and its failure to conduct a Privette hearing rendered the paternity judgment void.
The trial court deferred ruling on Alls’s motion, and instead entered another order requiring that Alls submit to a paternity test. Alls filed a notice of appeal from that order, which we treated as a petition for writ of certiorari. In response, Alls filed an amended petition arguing that the circuit court departed from the essential requirements of law by ordering another paternity test without first complying with Privette, and by failing to first rule on whether the original paternity judgment is void. The Department of Revenue concedes that the trial court erred in ordering a paternity test since the previous judgment of paternity has not been vacated. Accordingly, we grant the petition and quash the lower court’s order. The trial court must first vacate the original paternity judgment and conduct a Privette hearing before ordering a paternity test.
PETITION GRANTED; ORDER QUASHED.
LAWSON and WALLIS, JJ„ concur.